UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------
ATILLA TOTH,

                                Plaintiff,

     -against-

HUDSON YARDS CONSTRUCTION LLC, TUTOR PERINI
CORPORATION, THE RELATED COMPANIES, L.P., ERY
SOUTH RESIDENTIAL TOWER LLC and METROPOLITAN
TRANSPORTATION AUTHORITY,

                              Defendants.
-------------------------------------------------

CASE NO.

**COMPLAINT AND
JURY DEMAND**

Plaintiff, by and through his attorneys, RONAI & RONAI, L.L.P., as and for his Complaint, respectfully alleges, upon information and belief:

## I. NATURE OF THE CASE

1.     This is an action for personal injuries, pain and suffering sustained by plaintiff as a result of the negligence of defendants on April 16, 2019, in the County of New York, State of New York.

## II. JURISDICTION AND VENUE

2.     Jurisdiction is predicated upon 28 U.S.C. section 1332 (a)(2) as plaintiff has not yet been granted the privilege of remaining permanently in the United States.

3.     Within ninety days (90) of the occurrence herein, a notice of claim in writing was served on behalf of ATILLA TOTH, upon THE METROPOLITAN TRANSPORTATION AUTHORITY in accordance with Section 50-e of the General Municipal Law.

4.      Prior to the commencement of this action, notice of the intention of ATILLA TOTH to commence an action, unless the claim presented was adjusted within the prescribed time as set forth by applicable law to adjust such claims, was served on behalf of ATILLA TOTH upon THE METROPOLITAN TRANSPORTATION AUTHORITY.

5.      Although more than thirty (30) days have elapsed since service of such notice of claim, THE METROPOLITAN TRANSPORTATION AUTHORITY neglected and has refused to pay said claim or adjust same.

6.      A hearing pursuant to General Municipal Law 50-h has not been requested and therefore is deemed waived.

7.      The amount in controversy herein exceeds $75,000.00, exclusive of costs.

8.      Venue lies in the Southern District of New York in that the events giving rise to this action occurred within the Southern District of New York.

## III. THE PARTIES

9.      At all times herein mentioned, plaintiff ATILLA TOTH was and still is a citizen and resident of Hungary.

10.     The defendant HUDSON YARDS CONSTRUCTION LLC, at all times herein mentioned, was and still is a limited liability company organized and existing under the laws of the State of Delaware, licensed to do business in New York, with its principal place of business situated in the County of New York and the State of New York.

11.     At all times herein mentioned, defendant THE RELATED COMPANIES, L.P. is a member of defendant HUDSON YARDS CONSTRUCTION LLC.

12.     The defendant TUTOR PERINI CORPORATION, at all times herein mentioned, was and still is a corporation organized and existing under the laws of the State of Massachusetts, licensed to do business in New York, with its principal place of business situated in the County of Los Angeles and the State of California.

13.     The defendant THE RELATED COMPANIES, L.P., at all times herein mentioned, was and still is a partnership organized and existing under the laws of the State of New York, licensed to do business in New York, with its principal place of business situated in the County of New York and the State of New York.

14.     At all times herein mentioned, the general partner of defendant THE RELATED COMPANIES, L.P. is The Related Realty Group, Inc., a corporation organized and existing under the laws of the State of Delaware with its principal place of business situated in the County of New York and the State of New York.

15.     The defendant ERY SOUTH RESIDENTIAL TOWER LLC, at all times herein mentioned, was and still is a limited liability company organized and existing under the laws of the State of Delaware, licensed to do business in New York, with its principal place of business situated in the County of New York and the State of New York.

16.     At all times herein mentioned, Stephen M. Ross, Jeff T. Blau, Bruce A. Beal, Gregory H. Gushee and Michael Iannacone were and still are members of defendant ERY SOUTH RESIDENTIAL TOWER LLC.

17.     At all times herein mentioned, Stephen M. Ross was and still is a citizen and resident of New York.

18.     At all times herein mentioned, Jeff T. Blau was and still is a citizen and resident of New York.

19.    At all times herein mentioned, Bruce A. Beal was and still is a citizen and resident of New York.

20.    At all times herein mentioned, Gregory H. Gushee was and still is a citizen and resident of New York.

21.    At all times herein mentioned, Michael Iannacone was and still is a citizen and resident of New York.

22.    The defendant METROPOLITAN TRANSPORTATION AUTHORITY, at all times herein mentioned, was and still is public benefit corporation created pursuant to Article 5 of Title II of the Public Authorities Law of the State of New York.

## IV. FACTUAL ALLEGATIONS

23.    On April 16, 2019, plaintiff ATILLA TOTH was performing certain construction work at the premises known at 553 West 30th Street, New York, New York 10017, a/k/a "15 Hudson Yards" [hereinafter referred to as the "Subject Premises"] as a worker/laborer within the contemplation of New York State Labor Law 200 et. seq., and is a person for whom the statutory rights and protection of those sections apply.

24.    On April 16, 2019, plaintiff ATILLA TOTH was employed by Wood Touch Up Solutions, LLC.

25.    At all times mentioned, the subject premises was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant HUDSON YARDS CONSTRUCTION LLC.

26.     At all times mentioned, the subject premises was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant TUTOR PERINI CORPORATION.

27.     At all times mentioned, the subject premises was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant THE RELATED COMPANIES, L.P.

28.     At all times mentioned, the subject premises was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant ERY SOUTH RESIDENTIAL TOWER LLC.

29.     At all times mentioned, the subject premises was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant METROPOLITAN TRANSPORTATION AUTHORITY.

30.     That at some point prior to April 16, 2019, defendant ERY SOUTH RESIDENTIAL TOWER LLC entered into an agreement with defendant METROPOLITAN TRANSPORTATION AUTHORITY, wherein and whereby it was agreed, among other things, that defendant METROPOLITAN TRANSPORTATION AUTHORITY would perform construction work and provide labor services at the subject premises.

31.     That on April 16, 2019, defendant METROPOLITAN TRANSPORTATION AUTHORITY was the general contractor working at the subject premises for defendant ERY SOUTH RESIDENTIAL TOWER LLC.

32.     Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

33.     Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

34.     That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

35.     That at some point prior to April 16, 2019, defendant ERY SOUTH RESIDENTIAL TOWER LLC entered into an agreement with defendant THE RELATED COMPANIES, L.P., wherein and whereby it was agreed, among other things, that defendant THE RELATED COMPANIES, L.P. would perform construction work and provide labor services at the subject premises.

36.     That on April 16, 2019, defendant THE RELATED COMPANIES, L.P. was the general contractor working at the subject premises for defendant ERY SOUTH RESIDENTIAL TOWER LLC.

37.     Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

38.     Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

39.     That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

40.     That at some point prior to April 16, 2019, defendant ERY SOUTH RESIDENTIAL TOWER LLC entered into an agreement with defendant HUDSON YARDS CONSTRUCTION LLC, wherein and whereby it was agreed, among other things, that defendant HUDSON YARDS CONSTRUCTION LLC would perform construction work and provide labor services at the subject premises.

41.     That on April 16, 2019, defendant HUDSON YARDS CONSTRUCTION LLC was the general contractor working at the subject premises for defendant ERY SOUTH RESIDENTIAL TOWER LLC.

42.     Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

43.     Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

44.     That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

45.     That at some point prior to April 16, 2019, defendant ERY SOUTH RESIDENTIAL TOWER LLC entered into an agreement with defendant TUTOR PERINI CORPORATION, wherein and whereby it was agreed, among other things, that defendant TUTOR PERINI CORPORATION would perform construction work and provide labor services at the subject premises.

46.     That on April 16, 2019, defendant TUTOR PERINI CORPORATION was the general contractor working at the subject premises for defendant ERY SOUTH RESIDENTIAL TOWER LLC.

47.     Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

48.     Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

49.     That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

50.     That at some point prior to April 16, 2019, defendant ERY SOUTH RESIDENTIAL TOWER LLC entered into an agreement with defendant Wood Touch Up Solutions, LLC, wherein and whereby it was agreed, among other things, that Wood Touch Up Solutions, LLC would perform construction work and provide labor services at the subject premises.

51.     That on April 16, 2019, Wood Touch Up Solutions, LLC was the contractor working at the subject premises for defendant ERY SOUTH RESIDENTIAL TOWER LLC.

52.     Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

53.     Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

54.     That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

55.     That at some point prior to April 16, 2019, defendant METROPOLITAN TRANSPORTATION AUTHORITY entered into an agreement with defendant ERY SOUTH RESIDENTIAL TOWER LLC, wherein and whereby it was agreed, among other things, that defendant ERY SOUTH RESIDENTIAL TOWER LLC would perform construction work and provide labor services at the subject premises.

56.     That on April 16, 2019, defendant ERY SOUTH RESIDENTIAL TOWER LLC was the general contractor working at the subject premises for defendant METROPOLITAN TRANSPORTATION AUTHORITY.

57.     Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

58.     Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

59.     That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

60.     That at some point prior to April 16, 2019, defendant METROPOLITAN TRANSPORTATION AUTHORITY entered into an agreement with defendant THE RELATED COMPANIES, L.P., wherein and whereby it was agreed, among other things, that defendant THE RELATED COMPANIES, L.P. would perform construction work and provide labor services at the subject premises.

61.     That on April 16, 2019, defendant THE RELATED COMPANIES, L.P. was the general contractor working at the subject premises for defendant METROPOLITAN TRANSPORTATION AUTHORITY.

62.     Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

63.     Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

64.     That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

65.     That at some point prior to April 16, 2019, defendant METROPOLITAN TRANSPORTATION AUTHORITY entered into an agreement with defendant HUDSON YARDS CONSTRUCTION LLC, wherein and whereby it was agreed, among other things, that defendant HUDSON YARDS CONSTRUCTION LLC would perform construction work and provide labor services at the subject premises.

66.     That on April 16, 2019, defendant HUDSON YARDS CONSTRUCTION LLC was the general contractor working at the subject premises for defendant METROPOLITAN TRANSPORTATION AUTHORITY.

67.     Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

68.     Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

69.     That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

70.     That at some point prior to April 16, 2019, defendant METROPOLITAN TRANSPORTATION AUTHORITY entered into an agreement with defendant TUTOR PERINI CORPORATION, wherein and whereby it was agreed, among other things, that defendant TUTOR PERINI CORPORATION would perform construction work and provide labor services at the subject premises.

71.     That on April 16, 2019, defendant TUTOR PERINI CORPORATION was the general contractor working at the subject premises for defendant METROPOLITAN TRANSPORTATION AUTHORITY.

72.     Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

73.     Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

74.     That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

75.     That at some point prior to April 16, 2019, defendant METROPOLITAN TRANSPORTATION AUTHORITY entered into an agreement with Wood Touch Up Solutions, LLC, wherein and whereby it was agreed, among other things, that Wood Touch Up Solutions, LLC would perform construction work and provide labor services at the subject premises.

76.     That on April 16, 2019, Wood Touch Up Solutions, LLC was the contractor working at the subject premises for defendant METROPOLITAN TRANSPORTATION AUTHORITY.

77.     Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

78.     Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

79.     That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

80.     That at some point prior to April 16, 2019, defendant THE RELATED COMPANIES, L.P. entered into an agreement with defendant HUDSON YARDS CONSTRUCTION LLC, wherein and whereby it was agreed, among other things, that defendant HUDSON YARDS CONSTRUCTION LLC would perform construction work and provide labor services at the subject premises.

81.     That on April 16, 2019, defendant HUDSON YARDS CONSTRUCTION LLC was the general contractor working at the subject premises for defendant THE RELATED COMPANIES, L.P.

82.     Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

83.     Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

84.     That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

85.     That at some point prior to April 16, 2019, defendant THE RELATED COMPANIES, L.P. entered into an agreement with defendant TUTOR PERINI CORPORATION, wherein and whereby it was agreed, among other things, that defendant TUTOR PERINI CORPORATION would perform construction work and provide labor services at the subject premises.

86.     That on April 16, 2019, defendant TUTOR PERINI CORPORATION was the general contractor working at the subject premises for defendant THE RELATED COMPANIES, L.P.

87.     Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

88.     Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

89.     That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

90.     That at some point prior to April 16, 2019, defendant THE RELATED COMPANIES, L.P. entered into an agreement with Wood Touch Up Solutions, LLC, wherein and whereby it was agreed, among other things, that Wood Touch Up Solutions, LLC would perform construction work and provide labor services at the subject premises.

91.     That on April 16, 2019, Wood Touch Up Solutions, LLC was the contractor working at the subject premises for defendant THE RELATED COMPANIES, L.P.

92.     Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

93.     Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

94.     That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

95.     That at some point prior to April 16, 2019, defendant HUDSON YARDS CONSTRUCTION LLC entered into an agreement with defendant THE RELATED COMPANIES, L.P., wherein and whereby it was agreed, among other things, that defendant THE RELATED COMPANIES, L.P. would perform construction work and provide labor services at the subject premises.

96.     That on April 16, 2019, defendant THE RELATED COMPANIES, L.P. was the general contractor working at the subject premises for defendant HUDSON YARDS CONSTRUCTION LLC.

97.     Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

98.     Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

99.     That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

100.    That at some point prior to April 16, 2019, defendant HUDSON YARDS CONSTRUCTION LLC entered into an agreement with defendant TUTOR PERINI CORPORATION, wherein and whereby it was agreed, among other things, that defendant TUTOR PERINI CORPORATION would perform construction work and provide labor services at the subject premises.

101.    That on April 16, 2019, defendant TUTOR PERINI CORPORATION was the general contractor working at the subject premises for defendant HUDSON YARDS CONSTRUCTION LLC.

102.    Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

103.    Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

104.    That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

105.    That at some point prior to April 16, 2019, defendant HUDSON YARDS CONSTRUCTION LLC entered into an agreement with Wood Touch Up Solutions, LLC, wherein and whereby it was agreed, among other things, that Wood Touch Up Solutions, LLC would perform construction work and provide labor services at the subject premises.

106.    That on April 16, 2019, Wood Touch Up Solutions, LLC was the contractor working at the subject premises for defendant HUDSON YARDS CONSTRUCTION LLC.

107.    Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

108.    Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

109.    That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

110.    That at some point prior to April 16, 2019, defendant TUTOR PERINI CORPORATION entered into an agreement with defendant THE RELATED COMPANIES, L.P., wherein and whereby it was agreed, among other things, that defendant THE RELATED COMPANIES, L.P. would perform construction work and provide labor services at the subject premises.

111.    That on April 16, 2019, defendant THE RELATED COMPANIES, L.P. was the general contractor working at the subject premises for defendant TUTOR PERINI CORPORATION.

112.    Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

113.    Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

114.    That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

115.    That at some point prior to April 16, 2019, defendant TUTOR PERINI CORPORATION entered into an agreement with defendant HUDSON YARDS CONSTRUCTION LLC, wherein and whereby it was agreed, among other things, that defendant HUDSON YARDS CONSTRUCTION LLC would perform construction work and provide labor services at the subject premises.

116.    That on April 16, 2019, defendant HUDSON YARDS CONSTRUCTION LLC was the general contractor working at the subject premises for defendant TUTOR PERINI CORPORATION.

117.    Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

118.    Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

119.    That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

120.    That at some point prior to April 16, 2019, defendant TUTOR PERINI CORPORATION entered into an agreement with Wood Touch Up Solutions, LLC, wherein and whereby it was agreed, among other things, that Wood Touch Up Solutions, LLC would perform construction work and provide labor services at the subject premises.

121.    That on April 16, 2019, Wood Touch Up Solutions, LLC was the contractor working at the subject premises for defendant TUTOR PERINI CORPORATION.

122.    Upon information and belief, the work aforesaid was being performed pursuant to a written agreement.

123.    Upon information and belief, the work aforesaid was being performed pursuant to a verbal agreement.

124.    That the aforesaid construction at the subject premises constituted an alteration, improvement, renovation and/or significant improvement of said premises.

125.    That thereafter, and on or about April 16, 2019, Wood Touch Up Solutions, LLC was actually engaged in performing construction work and labor services at the subject premises

which was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant HUDSON YARDS CONSTRUCTION LLC.

126.    That thereafter, and on or about April 16, 2019, Wood Touch Up Solutions, LLC was actually engaged in performing construction work and labor services at the subject premises which was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant TUTOR PERINI CORPORATION.

127.    That thereafter, and on or about April 16, 2019, Wood Touch Up Solutions, LLC was actually engaged in performing construction work and labor services at the subject premises which was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant THE RELATED COMPANIES, L.P.

128.    That thereafter, and on or about April 16, 2019, Wood Touch Up Solutions, LLC was actually engaged in performing construction work and labor services at the subject premises which was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant ERY SOUTH RESIDENTIAL TOWER LLC.

129.    That thereafter, and on or about April 16, 2019, Wood Touch Up Solutions, LLC was actually engaged in performing construction work and labor services at the subject premises which was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant METROPOLITAN TRANSPORTATION AUTHORITY.

130.    That thereafter, and on or about April 16, 2019, defendant HUDSON YARDS CONSTRUCTION LLC was actually engaged in performing construction work and labor services at the subject premises which was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant TUTOR PERINI CORPORATION.

131.    That thereafter, and on or about April 16, 2019, defendant HUDSON YARDS CONSTRUCTION LLC was actually engaged in performing construction work and labor services at the subject premises which was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant THE RELATED COMPANIES, L.P.

132.    That thereafter, and on or about April 16, 2019, defendant HUDSON YARDS CONSTRUCTION LLC was actually engaged in performing construction work and labor services at the subject premises which was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant ERY SOUTH RESIDENTIAL TOWER LLC.

133.    That thereafter, and on or about April 16, 2019, defendant HUDSON YARDS CONSTRUCTION LLC was actually engaged in performing construction work and labor services at the subject premises which was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant METROPOLITAN TRANSPORTATION AUTHORITY.

134.    That thereafter, and on or about April 16, 2019, defendant TUTOR PERINI CORPORATION was actually engaged in performing construction work and labor services at the subject premises which was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant HUDSON YARDS CONSTRUCTION LLC.

135.    That thereafter, and on or about April 16, 2019, defendant TUTOR PERINI CORPORATION was actually engaged in performing construction work and labor services at the subject premises which was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant THE RELATED COMPANIES, L.P.

136.    That thereafter, and on or about April 16, 2019, defendant TUTOR PERINI CORPORATION was actually engaged in performing construction work and labor services at

the subject premises which was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant ERY SOUTH RESIDENTIAL TOWER LLC.

137.    That thereafter, and on or about April 16, 2019, defendant TUTOR PERINI CORPORATION was actually engaged in performing construction work and labor services at the subject premises which was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant METROPOLITAN TRANSPORTATION AUTHORITY.


138.    That thereafter, and on or about April 16, 2019, defendant THE RELATED COMPANIES, L.P. was actually engaged in performing construction work and labor services at the subject premises which was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant HUDSON YARDS CONSTRUCTION LLC.

139.    That thereafter, and on or about April 16, 2019, defendant THE RELATED COMPANIES, L.P. was actually engaged in performing construction work and labor services at the subject premises which was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant TUTOR PERINI CORPORATION.

140.    That thereafter, and on or about April 16, 2019, defendant THE RELATED COMPANIES, L.P. was actually engaged in performing construction work and labor services at the subject premises which was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant ERY SOUTH RESIDENTIAL TOWER LLC.

141.    That thereafter, and on or about April 16, 2019, defendant THE RELATED COMPANIES, L.P. was actually engaged in performing construction work and labor services at the subject premises which was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant METROPOLITAN TRANSPORTATION AUTHORITY.

142.    That thereafter, and on or about April 16, 2019, defendant ERY SOUTH RESIDENTIAL TOWER LLC was actually engaged in performing construction work and labor services at the subject premises which was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant HUDSON YARDS CONSTRUCTION LLC.

143.    That thereafter, and on or about April 16, 2019, defendant ERY SOUTH RESIDENTIAL TOWER LLC was actually engaged in performing construction work and labor services at the subject premises which was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant TUTOR PERINI CORPORATION.

144.    That thereafter, and on or about April 16, 2019, defendant ERY SOUTH RESIDENTIAL TOWER LLC was actually engaged in performing construction work and labor services at the subject premises which was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant THE RELATED COMPANIES, L.P.

145.    That thereafter, and on or about April 16, 2019, defendant ERY SOUTH RESIDENTIAL TOWER LLC was actually engaged in performing construction work and labor services at the subject premises which was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant METROPOLITAN TRANSPORTATION AUTHORITY.

146.    That thereafter, and on or about April 16, 2019, defendant METROPOLITAN TRANSPORTATION AUTHORITY was actually engaged in performing construction work and labor services at the subject premises which was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant HUDSON YARDS CONSTRUCTION LLC.

147.    That thereafter, and on or about April 16, 2019, defendant METROPOLITAN TRANSPORTATION AUTHORITY was actually engaged in performing construction work and

labor services at the subject premises which was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant TUTOR PERINI CORPORATION.

148.    That thereafter, and on or about April 16, 2019, defendant METROPOLITAN TRANSPORTATION AUTHORITY was actually engaged in performing construction work and labor services at the subject premises which was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant THE RELATED COMPANIES, L.P.

149.    That thereafter, and on or about April 16, 2019, defendant METROPOLITAN TRANSPORTATION AUTHORITY was actually engaged in performing construction work and labor services at the subject premises which was owned, leased, operated, controlled, maintained, managed and/or supervised by defendant ERY SOUTH RESIDENTIAL TOWER LLC.

150.    That at all times herein mentioned, and or about April 16, 2019, plaintiff ATILLA TOTH was actually engaged in the course of his employment as a construction laborer by Wood Touch Up Solutions, LLC, which said contractor was engaged by defendant HUDSON YARDS CONSTRUCTION LLC and plaintiff was actually performing certain construction work, labor and services at the subject premises owned, leased, operated, controlled, maintained, managed and/or supervised by defendant HUDSON YARDS CONSTRUCTION LLC, which constituted an alteration, improvement, renovation and/or significant improvement of the subject premises.

151.    That at all times herein mentioned, and or about April 16, 2019, plaintiff ATILLA TOTH was actually engaged in the course of his employment as a construction laborer by Wood Touch Up Solutions, LLC, which said contractor was engaged by defendant TUTOR PERINI CORPORATION and plaintiff was actually performing certain construction work, labor and services at the subject premises owned, leased, operated, controlled, maintained, managed and/or

supervised by defendant TUTOR PERINI CORPORATION, which constituted an alteration, improvement, renovation and/or significant improvement of the subject premises.

152.    That at all times herein mentioned, and or about April 16, 2019, plaintiff ATILLA TOTH was actually engaged in the course of his employment as a construction laborer by Wood Touch Up Solutions, LLC, which said contractor was engaged by defendant THE RELATED COMPANIES, L.P. and plaintiff was actually performing certain construction work, labor and services at the subject premises owned, leased, operated, controlled, maintained, managed and/or supervised by defendant THE RELATED COMPANIES, L.P., which constituted an alteration, improvement, renovation and/or significant improvement of the subject premises.

153.    That at all times herein mentioned, and or about April 16, 2019, plaintiff ATILLA TOTH was actually engaged in the course of his employment as a construction laborer by Wood Touch Up Solutions, LLC, which said contractor was engaged by defendant ERY SOUTH RESIDENTIAL TOWER LLC and plaintiff was actually performing certain construction work, labor and services at the subject premises owned, leased, operated, controlled, maintained, managed and/or supervised by defendant ERY SOUTH RESIDENTIAL TOWER LLC, which constituted an alteration, improvement, renovation and/or significant improvement of the subject premises.

154.    That at all times herein mentioned, and or about April 16, 2019, plaintiff ATILLA TOTH was actually engaged in the course of his employment as a construction laborer by Wood Touch Up Solutions, LLC, which said contractor was engaged by defendant METROPOLITAN TRANSPORTATION AUTHORITY and plaintiff was actually performing certain construction work, labor and services at the subject premises owned, leased, operated, controlled, maintained, managed and/or supervised by defendant METROPOLITAN TRANSPORTATION

AUTHORITY, which constituted an alteration, improvement, renovation and/or significant improvement of the subject premises.

155.    That on or about April 16, 2019, and while plaintiff ATILLA TOTH was lawfully engaged upon said premises in performing certain construction work, labor and services in the course of his employment as a construction laborer by his employer Wood Touch Up Solutions, LLC, he was caused, allowed and permitted to fall from an elevated height and thereby was caused to sustain gravity related injuries and was cause to sustain grievous personal injuries.

156.    That on or about April 16, 2019, and while plaintiff ATILLA TOTH was lawfully engaged upon said premises in performing certain construction work, labor and services in the course of his employment as a construction laborer by his employer Wood Touch Up Solutions, LLC, he was caused to trip, stumble and fall, thereby was caused to sustain gravity related injuries and was cause to sustain grievous personal injuries.

157.    That at all times herein mentioned, and on or about April 16, 2019, defendant HUDSON YARDS CONSTRUCTION LLC, its agents, servants and/or employees reserved onto itself and duty of general supervision, direction and control of the work being performed at the subject premises by Wood Touch Up Solutions, LLC, plaintiff's employer.

158.    That at all times herein mentioned, and on or about April 16, 2019, defendant HUDSON YARDS CONSTRUCTION LLC, its agents, servants and/or employees breached their duty of general supervision, direction and control of the work being performed at the subject premises by Wood Touch Up Solutions, LLC, plaintiff's employer.

159.    That at all times herein mentioned, and on or about April 16, 2019, defendant TUTOR PERINI CORPORATION, its agents, servants and/or employees reserved onto itself

and duty of general supervision, direction and control of the work being performed at the subject premises by Wood Touch Up Solutions, LLC, plaintiff's employer.

160.    That at all times herein mentioned, and on or about April 16, 2019, defendant TUTOR PERINI CORPORATION, its agents, servants and/or employees breached their duty of general supervision, direction and control of the work being performed at the subject premises by Wood Touch Up Solutions, LLC, plaintiff's employer.

161.    That at all times herein mentioned, and on or about April 16, 2019, defendant RELATED COMPANIES, L.P., its agents, servants and/or employees reserved onto itself and duty of general supervision, direction and control of the work being performed at the subject premises by Wood Touch Up Solutions, LLC, plaintiff's employer.

162.    That at all times herein mentioned, and on or about April 16, 2019, defendant THE RELATED COMPANIES, L.P., its agents, servants and/or employees breached their duty of general supervision, direction and control of the work being performed at the subject premises by Wood Touch Up Solutions, LLC, plaintiff's employer.

163.    That at all times herein mentioned, and on or about April 16, 2019, defendant ERY SOUTH RESIDENTIAL TOWER LLC, its agents, servants and/or employees reserved onto itself and duty of general supervision, direction and control of the work being performed at the subject premises by Wood Touch Up Solutions, LLC, plaintiff's employer.

164.    That at all times herein mentioned, and on or about April 16, 2019, defendant ERY SOUTH RESIDENTIAL TOWER LLC, its agents, servants and/or employees breached their duty of general supervision, direction and control of the work being performed at the subject premises by Wood Touch Up Solutions, LLC, plaintiff's employer.

165.   That at all times herein mentioned, and on or about April 16, 2019, defendant METROPOLITAN TRANSPORTATION AUTHORITY, its agents, servants and/or employees reserved onto itself and duty of general supervision, direction and control of the work being performed at the subject premises by Wood Touch Up Solutions, LLC, plaintiff's employer.

166.   That at all times herein mentioned, and on or about April 16, 2019, defendant METROPOLITAN TRANSPORTATION AUTHORITY, its agents, servants and/or employees breached their duty of general supervision, direction and control of the work being performed at the subject premises by Wood Touch Up Solutions, LLC, plaintiff's employer.

167.   Defendant HUDSON YARDS CONSTRUCTION LLC breached its statutory duty to plaintiff by failing to furnish, erect, supply, provide an make available to plaintiff ATILLA TOTH, ladders, scaffolds, nets, ropes or other devices so constructed, placed and operated as to afford him proper protection for the performance of his work as aforesaid and to otherwise fulfill its statutory obligations.

168.   Defendant HUDSON YARDS CONSTRUCTION LLC breached its statutory duty to plaintiff by failing to use reasonable care in constructing, securing, shoring, equipping, or guarding the worksite or in arranging, operating, or conduction the work in the area of the worksite so as to provide reasonable and adequate protection and safety to the persons employed therein, and to otherwise fulfill its statutory obligations.

169.   Defendant HUDSON YARDS CONSTRUCTION LLC breached its statutory duty to the plaintiff by allowing the workmen, and in particular the plaintiff herein, to work in a defectively constructed premise and location.

170.    Defendant HUDSON YARDS CONSTRUCTION LLC breached its statutory duty to the plaintiff by allowing the workmen, and in particular the plaintiff herein, to be in a defectively constructed premise and location.

171.    Defendant HUDSON YARDS CONSTRUCTION LLC breached its statutory duty to the plaintiff by failing to provide the plaintiff with the protection to which he was entitled within the meaning, definition and coverage of the New York State Labor Law aforesaid and which failure to provide the plaintiff said protection was the proximate cause of the happening of the occurrence complained of and the injuries sustained by the plaintiff.

172.    Defendant HUDSON YARDS CONSTRUCTION LLC owed plaintiff an absolute non-delegable duty and for the breach of which they are liable to the plaintiff.

173.    Defendant TUTOR PERINI CORPORATION breached its statutory duty to plaintiff by failing to furnish, erect, supply, provide an make available to plaintiff ATILLA TOTH, ladders, scaffolds, nets, ropes or other devices so constructed, placed and operated as to afford him proper protection for the performance of his work as aforesaid and to otherwise fulfill its statutory obligations.

174.    Defendant TUTOR PERINI CORPORATION breached its statutory duty to plaintiff by failing to use reasonable care in constructing, securing, shoring, equipping, or guarding the worksite or in arranging, operating, or conduction the work in the area of the worksite so as to provide reasonable and adequate protection and safety to the persons employed therein, and to otherwise fulfill its statutory obligations.

175.    Defendant TUTOR PERINI CORPORATION breached its statutory duty to the plaintiff by allowing the workmen, and in particular the plaintiff herein, to work in a defectively constructed premise and location.

176.    Defendant TUTOR PERINI CORPORATION breached its statutory duty to the plaintiff by allowing the workmen, and in particular the plaintiff herein, to be in a defectively constructed premise and location.

177.    Defendant TUTOR PERINI CORPORATION breached its statutory duty to the plaintiff by failing to provide the plaintiff with the protection to which he was entitled within the meaning, definition and coverage of the New York State Labor Law aforesaid and which failure to provide the plaintiff said protection was the proximate cause of the happening of the occurrence complained of and the injuries sustained by the plaintiff.

178.    Defendant TUTOR PERINI CORPORATION owed plaintiff an absolute non-delegable duty and for the breach of which they are liable to the plaintiff.

179.    Defendant THE RELATED COMPANIES, L.P. breached its statutory duty to plaintiff by failing to furnish, erect, supply, provide an make available to plaintiff ATILLA TOTH, ladders, scaffolds, nets, ropes or other devices so constructed, placed and operated as to afford him proper protection for the performance of his work as aforesaid and to otherwise fulfill its statutory obligations.

180.    Defendant THE RELATED COMPANIES, L.P. breached its statutory duty to plaintiff by failing to use reasonable care in constructing, securing, shoring, equipping, or guarding the worksite or in arranging, operating, or conduction the work in the area of the worksite so as to provide reasonable and adequate protection and safety to the persons employed therein, and to otherwise fulfill its statutory obligations.

181.    Defendant THE RELATED COMPANIES, L.P. breached its statutory duty to the plaintiff by allowing the workmen, and in particular the plaintiff herein, to work in a defectively constructed premise and location.

182.    Defendant THE RELATED COMPANIES, L.P. breached its statutory duty to the plaintiff by allowing the workmen, and in particular the plaintiff herein, to be in a defectively constructed premise and location.

183.    Defendant THE RELATED COMPANIES, L.P. breached its statutory duty to the plaintiff by failing to provide the plaintiff with the protection to which he was entitled within the meaning, definition and coverage of the New York State Labor Law aforesaid and which failure to provide the plaintiff said protection was the proximate cause of the happening of the occurrence complained of and the injuries sustained by the plaintiff.

184.    Defendant THE RELATED COMPANIES, L.P. owed plaintiff an absolute non-delegable duty and for the breach of which they are liable to the plaintiff.

185.    Defendant ERY SOUTH RESIDENTIAL TOWER LLC breached its statutory duty to plaintiff by failing to furnish, erect, supply, provide an make available to plaintiff ATILLA TOTH, ladders, scaffolds, nets, ropes or other devices so constructed, placed and operated as to afford him proper protection for the performance of his work as aforesaid and to otherwise fulfill its statutory obligations.

186.    Defendant ERY SOUTH RESIDENTIAL TOWER LLC breached its statutory duty to plaintiff by failing to use reasonable care in constructing, securing, shoring, equipping, or guarding the worksite or in arranging, operating, or conduction the work in the area of the worksite so as to provide reasonable and adequate protection and safety to the persons employed therein, and to otherwise fulfill its statutory obligations.

187.    Defendant ERY SOUTH RESIDENTIAL TOWER LLC breached its statutory duty to the plaintiff by allowing the workmen, and in particular the plaintiff herein, to work in a defectively constructed premise and location.

188.    Defendant ERY SOUTH RESIDENTIAL TOWER LLC breached its statutory duty to the plaintiff by allowing the workmen, and in particular the plaintiff herein, to be in a defectively constructed premise and location.

189.    Defendant ERY SOUTH RESIDENTIAL TOWER LLC breached its statutory duty to the plaintiff by failing to provide the plaintiff with the protection to which he was entitled within the meaning, definition and coverage of the New York State Labor Law aforesaid and which failure to provide the plaintiff said protection was the proximate cause of the happening of the occurrence complained of and the injuries sustained by the plaintiff.

190.    Defendant ERY SOUTH RESIDENTIAL TOWER LLC owed plaintiff an absolute non-delegable duty and for the breach of which they are liable to the plaintiff.

191.    Defendant METROPOLITAN TRANSPORTATION AUTHORITY breached its statutory duty to plaintiff by failing to furnish, erect, supply, provide an make available to plaintiff ATILLA TOTH, ladders, scaffolds, nets, ropes or other devices so constructed, placed and operated as to afford him proper protection for the performance of his work as aforesaid and to otherwise fulfill its statutory obligations.

192.    Defendant METROPOLITAN TRANSPORTATION AUTHORITY breached its statutory duty to plaintiff by failing to use reasonable care in constructing, securing, shoring, equipping, or guarding the worksite or in arranging, operating, or conduction the work in the area of the worksite so as to provide reasonable and adequate protection and safety to the persons employed therein, and to otherwise fulfill its statutory obligations.

193.    Defendant METROPOLITAN TRANSPORTATION AUTHORITY breached its statutory duty to the plaintiff by allowing the workmen, and in particular the plaintiff herein, to work in a defectively constructed premise and location.

194.    Defendant METROPOLITAN TRANSPORTATION AUTHORITY breached its statutory duty to the plaintiff by allowing the workmen, and in particular the plaintiff herein, to be in a defectively constructed premise and location.

195.    Defendant METROPOLITAN TRANSPORTATION AUTHORITY breached its statutory duty to the plaintiff by failing to provide the plaintiff with the protection to which he was entitled within the meaning, definition and coverage of the New York State Labor Law aforesaid and which failure to provide the plaintiff said protection was the proximate cause of the happening of the occurrence complained of and the injuries sustained by the plaintiff.

196.    Defendant METROPOLITAN TRANSPORTATION AUTHORITY owed plaintiff an absolute non-delegable duty and for the breach of which they are liable to the plaintiff.

197.    By reason of the foregoing, plaintiff ATILLA TOTH was severely injured and damaged, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which injuries are believed to be permanent in nature and duration, and he will permanently cause to suffer pain, inconvenience and other effects of such injuries he incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured of said injuries, and plaintiff ATILLA TOTH will be unable to pursue his usual duties with the same degree of efficiency as prior this accident, all to his great damage.

## V. **FIRST CAUSE OF ACTION**

198.    The allegations of the preceding paragraphs are repeated here as if fully stated.

199.    Plaintiff was injured due to defendants' negligence, carelessness and recklessness as stated herein.

200.    Plaintiff has thereby been damaged in the amount of FIVE MILLION ($5,000,000.00) Dollars.

## VI. <u>SECOND CAUSE OF ACTION</u>

201.    The allegations of the preceding paragraphs are repeated here as if fully stated.

202.    On April 16, 2019, plaintiff ATILLA TOTH was a worker/laborer within the contemplation of Labor Law Sections 200 <u>et. seq.</u>, and is a person for whom the statutory rights and protections of those sections apply.

203.    The work contracted for by the defendant HUDSON YARDS CONSTRUCTION LLC involved construction, excavation, and demolition work upon said premises, within the contemplation of Labor law Section 200 et seq.

204.    The work contracted for by the defendant TUTOR PERINI CORPORATION involved construction, excavation, and demolition work upon said premises, within the contemplation of Labor law Section 200 et seq.

205.    The work contracted for by the defendant THE RELATED COMPANIES, L.P. involved construction, excavation, and demolition work upon said premises, within the contemplation of Labor law Section 200 et seq.

206.    The work contracted for by the defendant ERY SOUTH RESIDENTIAL TOWER LLC involved construction, excavation, and demolition work upon said premises, within the contemplation of Labor law Section 200 et seq.

207.    The work contracted for by the defendant METROPOLITAN TRANSPORTATION AUTHORITY involved construction, excavation, and demolition work upon said premises, within the contemplation of Labor law Section 200 et seq.

208.    Plaintiff was injured due to defendants' violation of New York Labor Law Sections 200, 240(1), and/or 241(6).

209.    Plaintiff was injured due to defendants' violation of one or more sections of 12 NYCRR Part 23, the Industrial Code.

210.    Plaintiff has thereby been damaged in the amount of FIVE MILLION ($5,000,000.00) Dollars.

## VII. <u>DEMAND FOR TRIAL</u>

211.    Plaintiff demands a trial by jury for this action.

**WHEREFORE,** the plaintiff demands judgment against defendants for the first cause of action in the amount of FIVE MILLION ($5,000,000.00) DOLLARS and for the second cause of action in the amount of FIVE MILLION ($5,000,000.00) DOLLARS, and for such other relief as this Court deems just and proper.

Dated: Port Chester, New York
      November 21, 2019

By: **Holly Ostrov Ronai (HO-3923)**
**RONAI & RONAI, L.L.P.**
Attorneys for Plaintiff
*The Ronai Building*
34 Adee Street
Port Chester, New York 10573
(914) 824-4777

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK                    CASE NO.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ATILLA TOTH,
                          Plaintiff,


    -against-

HUDSON YARDS CONSTRUCTION LLC, TUTOR PERINI CORPORATION, THE
RELATED COMPANIES, L.P., ERY SOUTH RESIDENTIAL TOWER LLC and
METROPOLITAN TRANSPORTATION AUTHORITY,
                          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -



- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -


**COMPLAINT AND JURY DEMAND**


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -



**RONAI & RONAI, L.L.P.**
Attorneys for Plaintiff
*The Ronai Building*
34 Adee Street
Port Chester, New York 10573
914-824-4777