RONAI & RONAI, LLP
ATTORNEYS AT LAW

THE RONAI BUILDING
34 ADEE STREET
PORT CHESTER, NY 10573
TELEPHONE (914) 824-4777

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/16/21
```

March 11, 2021

**VIA ECF**
The Honorable Alison J. Nathan
United States District Court
Southern District of New York
40 Foley Square, Courtroom 906
New York, NY 10007

      Re:    Atilla Toth v. Hudson Yards Construction, LLC, et al.
              Case No.: 19-cv-10802-AJN

Your Honor:

      We represent Plaintiff Attila Toth in the above referenced matter. We respectfully submit this letter in reply to the Defendants' response to our motion to renew our prior motion under Federal Rule 37 to preclude the Defendants from using certain previously non-disclosed materials in support of their Summary Judgment Motion, in opposition to Plaintiff's Summary Judgment Motion and at the Trial for this matter, or in the alternative, for thirty days to depose the two affiants.

      Defendants' position in response is essentially that Plaintiff should have somehow known that these two non-parties possessed discoverable information, and sought to take their depositions months ago. However, neither Plaintiff nor anyone in this office are mind-readers. Again, as set forth in my previous letters, Ms. Ventura was never disclosed as someone possessing discoverable information in Defendants' Rule 26(a) disclosures. And while Mr. Mitterpatch was identified in name only - exactly what discoverable information he possessed was never disclosed. That these individuals may have been mentioned during a deposition does require us to seek their depositions, and clearly does not relieve defendants of their obligation under Rule 26(a). Indeed, it would be a colossal waste of time, energy and expense to depose every single individual or company that is mentioned during a deposition. This is precisely what Federal Rule 26 was designed to prevent.

      In addition, Defendants' claim that Plaintiff should have appreciated the significance of these individuals simply because their Affidavits were listed in defendants' liability expert's report as documents he reviewed, is similarly unavailing. First, the disclosure of this expert witness and his report was not properly served upon this office. The exchange is dated February 9, 2021, and was not served to our Port Chester address which is listed on the docket. The exchange was also not emailed to me, despite the fact that I have always been, and remain on the service list[1]. Rather, quite curiously, it was *only* emailed to an attorney who filed his Note of Appearance on this case that very same day – February 9, 2021. Second, the Defendants' liability expert's report was dated and exchanged, after fact discovery had closed, so even if we had received that report, we would not have had an opportunity to depose the

---

[1] And despite the fact that defense counsel has always emailed me or at the very least, copied me on all emails pertaining to this case.

affiants at that point anyway. Thus, according to the Defendants, their liability "expert" can rely on Affidavits that were not disclosed during fact discovery and then they can also serve that expert report after the close of fact discovery, and that satisfies their disclosure obligations under Rule 26(a). Defendants' logic in this regard is baffling.

Defendants' response also further clarifies the fact that they do not want these two individuals cross-examined at deposition by this office, preferring to exclusively rely upon their carefully crafted Affidavits. Quite tellingly, Defendants maintain that they cannot produce the two affiants for depositions, yet they did not agree to the alternative relief requested by Plaintiff - a 30-day extension to serve and depose the two affiants.[2]

Clearly, Defendants want to have it both ways. They are unwilling to voluntarily produce these individuals, and at the same time, are refusing to agree to an extension of time so that this office may timely serve subpoenas and depose them. This speaks *volumes*.

Accordingly, it is respectfully requested that Plaintiff's motion to renew under Federal Rule 37 to preclude the Defendants from using certain previously non-disclosed materials in support of their Summary Judgment Motion, in opposition to Plaintiff's Summary Judgment Motion and at the Trial for this matter, or in the alternative, that Plaintiff be permitted thirty days to serve and depose the two affiants, be granted.

Thank you for your consideration and attention to this matter.

RESPECTFULLY,

RONAI & RONAI, LLP
Attorneys for Plaintiff

/s/_____
By: Holly Ostrov Ronai (HO 3923)

cc: All parties via ECF


SO ORDERED.
ALISON J. NATHAN, U.S.D.J.
3/16/21

> In light of the circumstances described by Plaintiff in his original letter motion, the Court will grant his alternative request to extend fact discovery. No further extensions will be granted. The new schedule is as follows:
> - Fact discovery closes on April 2, 2021
> - Motions for summary judgment and *Daubert* motions are due April 23, 2021
> - Oppositions are due May 20, 2021
> - Replies are due June 10, 2021
>
> This resolves Dkt. No. 59.
> SO ORDERED.

---

[2] While it is true that Plaintiff originally argued that "a continuance is not possible" [Doc. No. 52], that was before Your Honor extended the summary judgment motion briefing by one month and extended fact discovery for two weeks to March 19, 2021.